# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA,<br><br>*Plaintiff,*<br><br>v.<br><br>IKHANA, LLC, *et al.*,<br><br>*Defendants,*<br><br>v.<br><br>ED LAWRENCE CONSTRUCTION COMPANY,<br><br>*Third-Party Defendant.* | Civil Action No. 1:16-cv-1484 |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Ikhana, LLC's Motion to Stay the proceedings in this matter, Dkt. No. 24, and a Motion for Summary Judgment brought by the Plaintiff, The Guarantee Company of North America USA ("GCNA"). This matter arises out of a failed contract between Defendants and the United States Government (the "Government") to construct an access road and screening facility at the Pentagon in Arlington, Virginia. Defendant entered into an indemnity agreement with Plaintiff who acted as a surety on the Government contract. Third-Party Defendant Ed Lawrence Construction Company ("ELCCO") was a subcontractor for the Defendant. For the reasons set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's Motion for Summary Judgment. Plaintiff may renew its motion at the conclusion of the stay.

# I. Background

On or about September 28, 2013, Defendant entered into a contract with the United States of America for the construction of a Secured Access Lane and Remote Screening Facility at the Pentagon in Arlington, Virginia (the "Project"). On or about February 12, 2014, ELCCO and Defendant entered into a subcontract agreement for the Project. Plaintiff issued Miller Act payment and performance bonds for the Project.

In consideration of Plaintiff's issuance of the bonds, Defendant Ikhana, together with the other named Defendants, entered into the Indemnity Agreement with the Plaintiff. The Indemnity Agreement provided that in the event Defendants[1] defaulted on their obligations as defined in the Agreement, Plaintiff could, among other actions:

> [A]ssert and prosecute any right or claim hereby assigned, transferred or otherwise conveyed in the name of the [Defendant] and to compromise and settle any such right or claim on such terms as it considers reasonable under the circumstances in its sole and absolute discretion, subject only to the requirement that it act in good faith, which shall be defined as the absence of deliberate or willful malfeasance.

Dkt. No. 28, at 6, ¶ 16.

The Project encountered substantial delays and slipped more than a year off schedule. In October 2015, Defendant submitted numerous claims to the Army Corps of Engineers ("COE") who oversaw the project on behalf of the United States Government. Following submission of the claims, the COE issued a Cure Notice to Defendant. The next month, the COE issued a Show Cause Notice to Defendant. Finally, in December 2015, the COE terminated Defendant's contract for default and made a claim on Plaintiff's performance bond. Due to Defendant's termination and pursuant to the Government's demand on the performance bond, Plaintiff accepted a bid from Turtle Associates, LLC to perform and complete the remaining scope of

---

[1] In the interests of clarity, the memorandum hereafter refers to the Defendant in the singular. Ikhana has brought the challenge on behalf of the other indemnitors and is the party of record in the Armed Services Board of Contract Appeals action.

Defendant's work on the Project. Plaintiff also made payments to three bond claimants who were suppliers and subcontractors to Defendant.

The termination of the contract spawned numerous legal challenges. On March 29, 2016, Defendant filed an appeal with the Armed Services Board of Contract Appeals. ASBCA Nos. 60462, 60463, 60464, and 60465. Dkt. No. 25, Exh. 1. The appeal alleges that the COE's termination of the contract for default was wrongful and should be construed as a termination for convenience. The ASBCA appeal is currently set to for a "trial"² on June 21, 2017.

In addition, two bond claimants filed lawsuits against Plaintiff in this court. On March 15, 2016, suit was filed as *United States of America f/u/o Long Fence Company, Inc. v. Guarantee Company of North America and Ikhana, LLC*, Civil Action No. 1:16-CV-283. On October 14, 2016 suit was filed as *United States of America f/u/o Ed Lawrence Construction Company v. Guarantee Company of North America and Ikhana, LLC*, Civil Action No. 1:16-CV-1301. The Clerk's office entered a default judgment against Defendant Ikhana in *Long Fence*. 1:16-CV-283, Dkt. No. 17. The Court subsequently vacated the default and dismissed the case with prejudice because the parties had resolved their issues. 1:16-CV-283, Dkt. No. 21. The latter case, 1:16-CV-1301, is still pending before Judge Ellis. A scheduling order has been entered in the matter with a discovery cutoff of July 14, 2017. 1:16-CV-1301, Dkt. No. 16.

Approximately two and a half months after Defendant filed the ASBCA appeal, Plaintiff made a demand for collateral against Defendant pursuant to the Indemnity Agreement. Plaintiff did not comply with the demand. On September 30, 2016, Plaintiff invoked its powers under the Indemnity Agreement (articulated above) to enter into a settlement agreement with the Government and dismiss Defendant's ASBCA appeal. *See* Dkt. No. 28, at 6, ¶ 16.

---

² The ASBCA proceedings are undertaken before an administrative judge, evidence is presented, and a ruling is entered by a three (or sometimes five) judge panel. The panel's decision is binding on the parties and may be appealed exclusively to the Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295; 41 U.S.C. § 7101(a)(1).

On November 30, 2016, Plaintiff filed a two-count Complaint in this Court for Indemnity (Count I) and Declaratory Judgment (Count II). Plaintiff seeks a declaration from the Court that it had the authority under the Indemnity Agreement to settle Defendant's dispute with the Government and dismiss the ASBCA appeal. Dkt. No. 1. Defendant filed an answer and a counterclaim for breach of the Indemnity Agreement. Dkt. No. 12. Defendant also filed a third-party complaint against ELCCO for breach of contract and indemnity. Dkt. No. 13. On April 11, 2017, Defendant moved to stay this action until the conclusion of the ASBCA proceedings. Dkt. No. 24. On April 14, 2017, Plaintiff moved for Summary Judgment on its declaratory judgment claim and Defendant's counterclaim. Dkt. No. 27.

## II. Legal Standard

### A. Motion to Stay

"It is well settled that the decision to stay this action is entirely within the discretion of the Court." *Actelion Pharms. Ltd. v. Lee*, 2016 WL 205377, at *4 (E.D. Va. Jan. 13, 2016). "The authority to stay proceedings is incidental to the power in every court to manage the cases on its docket." *Id.* "In considering a motion to stay, a district court must weigh competing interests and maintain an even balance." *Fisher v. United States*, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013). "[A] district court should consider three factors: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Id.* "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

B. Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute over an issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In making a summary judgment determination, the Court must bear in mind that "[a] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

### III. Discussion

Defendant's frustrated contractual relationships with the Government and Plaintiff are manifest in three related legal proceedings, spread across three different courtrooms, each in varying stages of completion. The parties contend that their motions will bring order to the diffuse proceedings but they diverge on the appropriate legal venue for resolving their dispute. Defendant argues that the district court proceedings should be stayed in favor of the ASBCA's

determination of whether the Government contract was terminated for cause or convenience. Plaintiff counters that the ASBCA will look to this Court's ruling before rendering its own decision. For the reasons set forth below, the Court finds that the issue raised in the ASBCA appeal cannot be addressed in this Court and its resolution is necessary to resolve a material issue of fact in this case. Accordingly, the Court grants the Motion to Stay and denies the Motion for Summary Judgment until the culmination of the stay.

### A. Motion to Stay

As discussed above, a motion to stay is a discretionary decision based on a balancing of prejudice to the parties and the need for judicial economy. *Fisher*, 2013 WL 6074076, at *4.

Defendant contends that the discretionary factors all favor a stay in this case. Specifically, Defendant argues that a stay serves judicial economy because if it prevails in its ASBCA appeal, the ongoing litigation in the district court will be moot. Further, Defendant maintains that even if is unsuccessful before the ASBCA, that body's "decision would provide substantial guidance and likely lead to a prompt and more efficient resolution of both matters." Dkt. No. 24, at 8. Defendant also contends that waiting for the ASBCA decisions serves judicial economy because the district courts are not well placed to decide the underlying issue of the default termination's propriety. The COE is a critical party to that determination but it cannot be joined in the district court proceedings because the boards of contract appeal and United States Court of Federal Claims are the only appropriate venues to challenge the Government action.[3]

---

[3] "Congress has determined that [a claim under federal procurement laws] should be prosecuted only in the Claims Court." *Rex Sys., Inc. v. Holiday*, 814 F.2d 994, 998 (4th Cir. 1987). The jurisdiction is concurrently held by the Court of Federal Claims and the Armed Services Board of Contract Appeals. *See* 41 U.S.C. § 7104(b)(1) ("a contractor may bring an action directly on the claim [appealing a contracting officer's decision] in the United States Court of Federal Claims"); 41 U.S.C. § 7105(e)(1)(A) ("The Armed Services Board has jurisdiction to decide any appeal from a decision of a contracting officer of the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, or the National Aeronautics and Space Administration relative to a contract made by that department or agency.").

6

Defendant also argues that granting the stay will not prejudice the Plaintiff or ELCCO. Neither of those parties is a participant in the ASBCA action so they will not bear any litigation costs. Further, Defendant asserts that whether the ASBCA decision is favorable to Defendant or not, it will obviate the need for Plaintiff to expend resources on its declaratory judgment action (to find that Plaintiff had the authority to settle with the COE) and will make the indemnity issue "a foregone conclusion." Dkt. No. 24, at 10. Defendant insists that ELCCO's claims and defenses will remain intact notwithstanding the ASBCA ruling.

Finally, Defendant argues that it will be substantially prejudiced without a stay. Defendant is presently paying separate counsel to litigate in the district court and before the ASBCA leading to substantial duplication of efforts and increased costs. Defendant also contends that resolving the district court case in favor of Plaintiff before the ASBCA ruling would result in potential windfalls to COE and Plaintiff based on a default termination decision made by the COE which has not been challenged in the only court, the ASBCA, where the COE is a party.

Plaintiff counters that a stay of this action would not serve judicial economy. Rather, Plaintiff complains that "Ikhana's failure to recognize its obligations and [Plaintiff's] rights pursuant to the Indemnity Agreement" renders "this Court's ruling [] necessary for the ASBCA matter to be either heard or dismissed." Dkt. No. 31, at 5. Stated another way, Plaintiff suggests that the ASBCA will look to this Court's ruling on Plaintiff's Declaratory Judgment action before conducting its own trial. Citing the same reasons, the Government filed a motion to stay the ASBCA action on April 13, 2017, until after the Court's decision in this matter. Dkt. No. 31, Exh. 3. Plaintiff does not argue that it will be prejudiced by a stay in this Court.

7

Because Plaintiff does not allege that it will be prejudiced by a stay, this factor strongly favors Defendant. Defendant acted diligently to preserve its rights by timely appealing the COE's for-cause termination of the contract to the ASBCA on March 29, 2016. The ASBCA appeal predates Plaintiff's request for collateral and Plaintiff's settlement agreement with the Government. In a perfect world, Defendant might have obtained a final decision from the ASBCA before Plaintiff entered into the settlement agreement. Then the ASBCA would have determined whether the termination entitled Defendant to payments which would have satisfied the performance bonds and obviated Plaintiff's outstanding indemnity claims. In this sense, the ASBCA challenge is a necessary condition to the existence of the dispute between the Plaintiff and Defendant. The reverse is not true. The parties could agree that the Indemnity Agreement would allow Plaintiff to assume responsibility for settlement under certain circumstances, including Defendant's default. Nevertheless, whether or not Plaintiff's authority under the Indemnity Agreement to settle this dispute with the Government had vested turns on whether Defendant was in default. Thus, the default determination by the COE is an essential issue notwithstanding the interpretation of the Indemnity Agreement. The ASBCA is best situated to adjudge the default termination because the COE is a party to the proceedings before that board.

Plaintiff has not represented that it will suffer any prejudice in waiting until the ASBCA issues its ruling. On the other hand, Defendant has demonstrated that it will be prejudiced if forced to concurrently litigate similar issues in multiple fora and because the OCE cannot be made a party to the district court cases. Favoring these proceedings over the ASBCA appeal is especially prejudicial because Defendant acted diligently, appealing to the ASBCA long before Defendant filed the Complaint in this matter. For these reasons, the Court grants the Motion to Stay.

### B. Summary Judgment

Plaintiff has moved the Court to grant summary judgment in its favor on Count II of its Complaint (Declaratory Judgment) and on Defendant's Counterclaim for Breach of the Duty of Good Faith and Fair Dealing. Because the Motion to Stay is granted and the ASBCA proceedings are likely to resolve factual disputes presently in the record, the Court denies the Motion for Summary Judgment with leave to re-file at the conclusion of the stay.

### IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's Motion to Stay this action until the ASBCA renders a decision on its cases numbered 60462, 60463, 60464, and 60465. Further, the Court DENIES Plaintiff's Motion for Summary Judgment without prejudice and with leave to re-file after the stay is lifted.

May 4, 2017
Alexandria, VA

/s/
Liam O'Grady
United States District Judge